**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

RALPH KAZMIRSKI,

                      Petitioner,

                                                             No. 04-CV-89
                                                               (TJM/DRH)

THOMAS POOLE, Superintendent,
Five Points Correctional Facility,

                      Respondent.
_____

**APPEARANCES:**                                  **OF COUNSEL:**

RALPH KAZMIRSKI
Petitioner Pro Se
No. 00-B-1695
Five Points Correctional Facility
Post Office Box 119
Romulus, New York 14541-0119

HON. ELIOT SPITZER                        MARIA MORAN, ESQ.
Attorney General for the                   Assistant Attorney General
   State of New York
Attorney for Respondent
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

    Petitioner pro se Ralph Kazmirski ("Kazmirski") is currently an inmate in the custody of the New York State Department of Correctional Services (DOCS) at Five Points Correctional Facility. Kazmirski pled guilty to manslaughter in the first degree in Onondaga

---

[1]This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.4.

County Court on August 7, 2000, was sentenced to a total determinate term of eighteen years imprisonment, and is currently serving that sentence. Kazmirski now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his plea was not voluntary, he was denied the effective assistance counsel, and the Appellate Division failed to consider the issue of mental capacity on direct appeal. For the reasons which follow, it is recommended that the petition be denied.

## I. Background

On February 1, 2000, Kazmirski shot and killed Carol Lozott with a shotgun at 110 Ferris Street in Syracuse, New York. Ex. 1 at 4, 14; Ex. 3 at 5-6.[2] Kazmirski was arrested on February 2, 2000 and was subsequently indicted for murder in the second degree and criminal possession of a weapon in the fourth degree. Ex. 5 at A8-A9. On July 13, 2000, Kazmirski pleaded guilty to one count of first degree manslaughter. Ex. 3 at 2-3. As part of this plea agreement, Kazmirski agreed to waive his right to appeal. Id. at 2. Kazmirski was sentenced as indicated above. The Appellate Division affirmed Kazmirski's conviction. People v. Kazmirski, 299 A.D.2d 826 (4th Dep't 2002). Application for leave to appeal to the Court of Appeals was denied on January 31, 2003. People v. Kazmirski, 99 N.Y.2d 583 (2003). This action followed.

---

[2] "Ex." followed by a number refers to the exhibits of the state court records filed by respondent with his answer. Docket No. 9.

## II. Discussion

### A. Legal Standards

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1214, restricts review of habeas petitions. A federal court may grant habeas relief only if the state court proceedings "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) (1996). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law . . . ." Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., writing for the Court in Part II of her opinion). Under the "unreasonable application" clause, "a federal habeas court . . . should ask whether the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. "To adjudicate a claim on the merits, the state court need not mention the argument raised or cite relevant case law, or even explain[] its reasoning process . . . . Rather, a state court adjudicates a claim on its merits by (1) disposing of the claim on the merits,' and (2) reducing its disposition to judgment." Eze v. Senkowski, 321 F.3d 110, 121 (2d Cir. 2003) (internal quotations marks and citations omitted).

**B. Plea Agreement**

Kazmirski contends that his guilty plea was not knowingly and voluntarily made because he was not informed of the five years post-release supervision included with his sentence. Respondent contends that the state court's decision on this issue met AEDPA standards and, in the alternative, that Kazmirski fails to show that his plea was not knowingly, voluntarily, and intelligently made. Respondent also contends that any error was harmless.

A court will not overturn a guilty plea on due process grounds if it was an intelligent and voluntary choice of a defendant who was aware of all the alternative courses of action. Hill v. Lockhart, 474 U.S. 52, 56 (1985); Willbright v. Smith, 745 F.2d 779, 779-80 (2d Cir. 1984). Only if the "consensual character of the plea is called into question" may the validity of a guilty plea be impeached. Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, a habeas petitioner may only challenge his or her guilty plea on the grounds that it was not entered knowingly, intelligently and voluntarily. Hill, 474 U.S. at 56; North Carolina v. Alford, 400 U.S. 25, 31 (1970).

Whether a plea is voluntary must be determined by examining all relevant circumstances, including the possibility of a longer sentence after a jury's guilty verdict, the defendant's previous record, and whether the court explained to the defendant all options and consequences of a guilty plea. Alford, 400 U.S. at 31; Magee v. Romano, 799 F. Supp. 296, 300 (E.D.N.Y. 1992). A defendant must be "fully aware of the direct consequences" of the plea but need not be informed about "collateral consequences." Brady v. United States, 397 U.S. 742, 755 (1970); United States v. Salerno, 66 F.3d 544, 551 (2d Cir. 1995). Failure to inform a defendant of the supervised release portion of the sentence prior to a

4

guilty plea is harmless error "if the combined sentence of incarceration and supervised release actually received by the defendant is less than the maximum term" the defendant could receive. United States v. Andrades, 169 F.3d 131, 134 (2d Cir. 1999); United States v. Renaud, 999 F.2d 622, 625 (2d Cir. 1993).

During the plea allocution and sentencing, the trial court did not inform Kazmirski of the mandatory five-year period of post-release supervision.[3] Kazmirski alleges that he did not discover the imposition of the five-year post-release supervision until he was already incarcerated. A review of the record of the plea allocution indicates that the trial court in all respects made certain that Kazmirski's plea was knowing and voluntary.  At the plea allocution, Kazmirski was informed that the maximum sentence was twenty-five years and pursuant to the plea agreement, his sentence of imprisonment would be eighteen years. Ex. 2 at 3. The eighteen-year confinement plus the five-year post-release supervision was within the statutory maximum of twenty-five years and the failure to inform Kazmirski of the five-year post-release supervision was harmless error. Thus, Kazmirski's plea was knowing and voluntary.

Kazmirski raised this issue in state court in his motion to vacate the judgment and the court held on the merits that the failure to inform Kazmirski of the post-release supervision was harmless error. Exs. 14, 17. This decision was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and was not "based on an unreasonable

---

[3] Any person sentenced under New York law to a determinate prison term must be placed on post-release supervision for a mandatory period following his or her incarceration. N.Y. Penal Law §§ 70.00(6), 70.45(1)(McKinney 1996).

Case 9:04-cv-00089-TJM-DRH   Document 17   Filed 05/10/05   Page 6 of 13

determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) (1996).

Therefore, both because any error was harmless and because the state court adjudication of this issue did not contravene federal law, the petition on this ground should be denied.

### C. Ineffective Assistance of Counsel

### 1. Exhaustion

As a threshold matter, respondent contends that Kazmirski has not exhausted his state court remedies regarding his ineffective assistance of counsel claim.

A habeas petitioner must exhaust all state court remedies before seeking federal habeas corpus relief. Duckworth v. Serrano, 454 U.S. 1, 3 (1981); Bossett v. Walker, 41 F.3d 825, 828 (2d Cir. 1994); 28 U.S.C. § 2254(b), (c). Exhaustion requires that the petitioner both "fairly present" his federal constitutional claims to the highest state court and utilize all available avenues of appellate review within the state before proceeding to federal court. Dorsey v. Kelly, 112 F.3d 50, 52 n.1 (2d Cir. 1997); Bossett, 41 F.3d at 828. Typically, therefore, exhaustion requires that those issues presented as grounds for habeas relief must first have been presented on direct appeal in state court. See Dorsey v. Irvin, 56 F.3d 425, 426 (2d Cir. 1995); Torres v. Irvin, 33 F. Supp. 2d 257, 265 (S.D.N.Y. 1998). There is authority, however, for the proposition that a matter can be exhausted by pursuing "a full round of state post-conviction proceedings." Salahuddin v. Strack, No. 97-Civ.-5789, 1998 WL 812648, at *5 (E.D.N.Y. Aug. 12, 1998) (citations omitted). The exhaustion

6

doctrine "requires only that a petitioner present his claim once on direct or collateral review." Ellis v. Miller, 1998 WL 812664, at *4 (E.D .N.Y. Aug. 3, 1998) (quoting Sanford v. Senkowski, 791 F. Supp. 66, 69 (E.D.N.Y.1992)).

On direct appeal, Kazmirski raised the ineffective assistance of counsel claim and the Appellate Division found that since this involved matters outside the record, it must be pursued by way of a New York Crim. Proc. Law § 440.10 motion. Ex. 11. However, Kazmirski did not raise the ineffective assistance of counsel claim in his 440 motion. Ex. 14. Therefore, the state court did not have a full and fair opportunity to consider Kazmirski's ineffective assistance of counsel claims. Kazmirski has failed to exhaust his state court remedies on his ineffective assistance of counsel claim.

A claim is deemed exhausted when no real avenue remains by which it could be raised. See Bossett, 41 F.3d at 828. While a court should dismiss any unexhausted claim, a court may review unexhausted claims if the petitioner shows cause for the default and prejudice due to some objective factor external to the defense that impeded his efforts. Id. at 829. Alternatively, if a petitioner is able to show that a state court's failure to consider the claim would result in a "fundamental miscarriage of justice," then a court may consider the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Here, Kazmirski fails to make a showing of cause and prejudice and also fails to demonstrate a fundamental miscarriage of justice.

Therefore, the petition on this ground should be dismissed.

**2. Merits**

In the alternative, to establish ineffective assistance of counsel, a petitioner must satisfy a two-prong test: (1) counsel's performance was deficient, and (2) this deficiency prejudiced the petitioner's defense. See United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668 (1984)). To satisfy the first prong, a court must ask "whether defense counsel's actions were objectively reasonable considering all the circumstances." Purdy v. United States, 208 F.3d 41, 44 (2d Cir. 2000). This inquiry requires a court to be "highly deferential" to counsel's performance. Strickland, 466 U.S. at 689. Moreover, there is a strong presumption that counsel's conduct at trial was reasonable and that any challenged conduct might be considered sound trial strategy. Kieser v. New York, 56 F.3d 16, 18 (2d Cir. 1995) (per curiam) (internal quotation marks omitted); see also Maddox v. Lord, 818 F.2d 1058, 1061 (2d Cir.1987). To satisfy the second prong, a court must determine whether there is a reasonable probability that, but for the deficiency, the outcome of the proceeding would have been different. McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

Kazmirski contends that he was denied the effective assistance of counsel when his attorney failed to call the psychiatrist who had interviewed Kazmirski to testify at the suppression hearing on Kazmirski's confession. Kazmirski contends that this testimony would have established that his confession was not voluntary. However, Kazmirski was not interviewed by the psychiatrist until after the suppression hearing and the psychiatrist gave no opinion as to whether Kazmirski made his statement voluntarily. App. A, Ex. 8 at 12-13. Therefore, there is no merit to Kazmirski's contention that counsel should have called the

8

psychiatrist as a witness at the hearing.

Kazmirski also contends that counsel failed to inform him of the five year post-release supervision but, as described above, any such error was harmless. See subsection B, supra. Kazmirski further contends that his counsel informed him of the wrong minimum sentence he would serve during plea negotiations. However, this was corrected by letter on June 26, 2000 before Kazmirski accepted the plea on August 7, 2000. Docket No. 16. Kazmirski's remaining contention that his counsel sent a "stand-in" for sentencing who made no statements during sentencing lacks merit as well. The sentence was agreed upon, Kazmirski was able to speak on his own behalf, and Kazmirski makes no showing that had his counsel made a statement, the sentence would have been different.

In the alternative, then, the petition on this ground should be denied on its merits.

### D. State Court Decision

### 1. Procedural Default

Respondent contends that Kazmirski's final claim that the Appellate Division improperly failed to consider his mental capacity is not cognizable in this proceeding. A federal habeas court is precluded from reviewing a petition if the state court's rejection of the argument rests on "independent and adequate state grounds." Coleman, 501 U.S. at 736; Jones v. Stinson, 229 F.3d 112, 117 (2d Cir. 2000). This occurs when the last state court rendering a judgment in the case clearly and expressly held that its judgment rested on a state procedural bar. Harris v. Reed, 489 U.S. 255, 262 (1989); Jones, 229 F.3d at 118.

9

The Appellate Division here rejected Kazmirski's contention that the trial court erred in denying his suppression motion and found that Kazmirski's knowing, voluntary, and intelligent waiver of the right to appeal as part of his guilty plea included a waiver as to the results of the suppression hearing. This decision was based on a state procedural bar. Bastien v. William, No. 03CIV5749 (DLC)(KNF), 2004 U.S. Dist. LEXIS 19212, at *18 (S.D.N.Y. Sept. 20, 2004).

There are two exceptions which permit review of a claim otherwise procedurally barred.  First, review may occur if a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim will result in a fundamental miscarriage of justice."  Coleman, 501 U.S. at 750; Restrepo v. Kelly, 178 F.3d 634, 638 (2d Cir. 1999).  "Cause" requires a showing that "some objective external to the defense impeded counsel's efforts to raise the claim in state court," Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 127 (2d Cir. 1995), or that the basis for a claim was not reasonably available to counsel.  Bossett, 41 F.3d at 829.  Where, as here, no cause has been demonstrated, a court need not determine whether a petitioner suffered actual prejudice.  Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir. 1985).

Second, a procedural default may be excused if a petitioner demonstrates that the failure to consider the claim would result in a "fundamental miscarriage of justice," a standard which requires a petitioner to show that he is "actually innocent."  Lebron v. Mann, 40 F.3d 561, 564 (2d Cir. 1994).  Kazmirski fails to meet this heavy burden.

The petition on this ground should be dismissed.

## 2. Merits

Kazmirski argues that the Appellate Division failed to consider his mental capacity and that if they had, they would have determined that his confession was inadmissible. Respondent argues on the merits that this claim is without foundation.

A writ of habeas corpus may be granted only if a petitioner can show that an erroneous evidentiary ruling deprived him of a fundamentally fair trial. Rosario v. Kuhlman, 839 F.2d 918, 925 (2d Cir. 1988). The Fifth Amendment to the United States Constitution states that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." This constitutional right requires "that only those statements a suspect makes ' in the unfettered exercise of his own will' may be used against him." See Green v. Scully, 850 F.2d 894, 900 (2d Cir. 1988) (quoting Malloy v. Hogan, 378 U.S. 1, 8 (1964)). Where, as here, habeas relief is sought on the ground that a confession admitted at trial was involuntarily obtained, the federal court must presume that the state court's findings of fact were correct. See 28 U.S.C. § 2254(e)(1); see also Kuhlmann v. Wilson, 477 U.S. 436, 459-61 (1986). This presumption is applicable to both state trial and appellate court factual findings. See Sumner v. Mata, 449 U.S. 539, 546 (1981).

After a hearing, the county court denied Kazmirski's motion to suppress the statement in which he confessed to the shooting and found that Kazmirski knowingly, intelligently, and voluntarily waived his rights prior to making the statement. Ex. 5 at A32. In his pro se brief to the Appellate Division, Kazmirski argued that due to his diminished mental capacity, he was unable to waive his rights knowingly and intelligently. Ex. 8 at 1. The Appellate Division also found that Kazmirski knowingly, intelligently, and voluntarily waived his rights. Ex. 11.

Kazmirski fails to rebut the presumption that the findings of the county court and the Appellate Division were correct and offers nothing but conclusory statements that the state court's factual findings were not supported by the record. In addition, because Kazmirski pleaded guilty, there was no trial. The decisions of both the trial court and the Appellate Division were not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" and were not "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1).

Moreover, after entering a guilty plea, a criminal defendant may not "thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); see also Hayle v. United States, 815 F.2d 879, 881 (2d Cir.1987). Having failed to show that his plea was invalid, Kazmirski may not collaterally attack the denial of his motion to suppress.

Therefore, in the alternative, the petition on this ground should be denied on its merits.

### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the petition for a writ of habeas corpus be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO**

**OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Secretary of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


DATED: May 10, 2005
       Albany, New York

_David R. Homer_
United States Magistrate Judge