**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RALPH KAZMIRSKI,**

                              **Petitioner,**

    **vs.**                                                          **No. 04-CV-89**

**THOMAS POOLE, Superintendent,**
**Five Points Correctional Facility,**

                              **Respondent.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

This *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 was referred to the Hon. David R. Homer, United States Magistrate Judge, for a Report-Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.4. The Report-Recommendation dated May 10, 2005 recommended that the petition be denied and dismissed. Dkt. # 17. The petitioner filed objections to the Report-Recommendation. Dkt. # 19.

When objections to a magistrate judge's Report-Recommendation are lodged, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." See 28 U.S.C. § 636(b)(1). After such a review, the Court may "accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. Based upon the following reasons, this Court adopts the Report-Recommendation of the Magistrate Judge.

Petitioner's first objection contends that his guilty plea was involuntary because the trial court failed to advise him of mandatory post-release supervision. Petitioner pleaded guilty to a determinate sentence of eighteen years, but later discovered that New York law also imposed a five year post-release supervision period. Petitioner relies on People v. Catu, 4 N.Y.3d 242 (2005), for his contention that a plea is not voluntary as a matter of law if the defendant is unaware that mandatory post-release supervision will follow his sentence. Id. at 245. In the months following Catu, New York courts have vacated convictions on direct appeals and pursuant to N.Y. CPL §440.10. See e.g., People v. Goodwill, 20 A.D.3d 931 (4th Dep't. 2005); People v. Cintron, 18 A.D.3d 322 (1st Dep't. 2005).

Petitioner's reliance on Catu is inapposite here. Federal law prevents this Court from deciding a petition for habeas corpus based on a claim that was adjudicated in New York courts unless "the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

2

United States. . . ." 28 U.S.C. §2254 (2000). This Court is bound by the prior decisions of the United States Court of Appeals for the Second Circuit. Ithaca College v. N.L.R.B., 623 F.2d 224, 228 (2d Cir. 1980). Catu represents the judgment of New York's highest court, which is neither binding precedent in this Circuit, nor "clearly established Federal law." 28 U.S.C. §2254. Thus, this Court must follow the Court of Appeals for the Second Circuit, not New York's highest court.

Courts have a duty to ensure that a defendant's plea is made in a knowing and voluntary manner. United States v. Andrades, 169 F.3d 131 (2d Cir. 1999); Fed. R. Crim. P. 11(b). Any deviation from the prescribed plea procedure that does not affect the defendant's substantial rights is harmless error. Andrades, 169 F.3d at 133; Fed. R. Crim. P. 11(h). In Andrades, the District Court imposed a ninety-two month sentence but failed to advise the defendant of the mandatory four years of post-release supervision. Andrades, 169 F.3d at 134. Because the sum of the imposed sentence and the supervised release was less than the available maximum forty years penalty of which the defendant was made aware, the Second Circuit held that the defendant's substantial rights were unaffected. Id. Absent harm to the defendant's substantial rights, the error was harmless and not reversible. Id. at 133.

Here, petitioner was sentence to eighteen years imprisonment, with a five-year post-release period of supervision. Petitioner

faced a maximum sentence of twenty-five years imprisonment if he had continued to trial. At the time he entered his plea, petitioner was aware of the maximum sentence. Because petitioner's sentence and post-release supervision time do not exceed the maximum sentence of which he was aware, the failure to make petitioner aware of the post-release supervision time was harmless error. Andrades, 169 F.3d at 134.

Petitioner's second objection to the Report-Recommendation asserts that his ineffective assistance of counsel claim is properly before this Court because he raised it in his N.Y.C.P.L. §440.10 motion and thus exhausted his state remedies. Petitioner's §440.10 motion consists entirely of arguments in support of his claim that his plea was involuntary. Dkt. # 14. Any reference to his attorney's actions are in support of that claim, not the ineffective assistance of counsel. Because Federal law requires the petitioner to exhaust all of his claims in state court before resorting to Federal habeas proceedings, §2254(b), this Court adopts the Report Recommendation in regard to the effective assistance of counsel claim.

Based on the foregoing, it is hereby **ORDERED**, that the petition be **DENIED** and **DISMISSED**.

**IT IS SO ORDERED.**

Dated: December 1, 2005

Thomas J. McAvoy
Senior, U.S. District Judge

4